UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| BRIAN CHANDLER, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CIVIL NO. 2:12 cv 175 |
| | ) | |
| JOHN BUNCICH, individually and | ) | |
| in his official capacity as | ) | |
| Sheriff of Lake County and/or | ) | |
| person serving in that capacity | ) | |
| in 2011; LAKE COUNTY SHERIFF'S | ) | |
| DEPARTMENT; LAKE COUNTY JAIL; | ) | |
| LAKE COUNTY WORK RELEASE; | ) | |
| SERGEANT OAKLEY, individually | ) | |
| and as Lake County Work Release | ) | |
| Director, | ) | |
| | ) | |
| Defendants | ) | |

OPINION AND ORDER

This matter is before the court on the Verified Petition for

Preservation of Evidence, Protective Order and Other Injunctive

Relief [DE 9] filed by the plaintiff, Brian Chandler, on July 23,

2012.  For the reasons set forth below, the motion is **DENIED.**

Background

The plaintiff, Brian Chandler, reported misconduct of a

correctional officer some time between March and May 2011.

Thereafter, Chandler was attacked with a knife-like object and

suffered severe injuries, including lacerations and broken facial

bones and teeth.  Chandler believes that surveillance film,

videotape, digital recordings, photographs, and other related

media depicting the events are in the possession of the Lake County Sheriff, Lake County Sheriff's Department, Lake County Jail, Lake County Work Release, John Buncich, Sergeant Oakley, and the Lake County Prosecutor's Office.

The plaintiff fears that the defendants will destroy the relevant evidence and filed a motion to preserve the evidence on July 23, 2012.  In his motion, Chandler explains that he will suffer prejudice if the evidence is made unavailable.  Chandler asks the court to order the defendants to preserve certain documents, notes, and recordings pertaining to the events giving rise to his lawsuit.

## Discussion

A party has a duty to preserve evidence when it knows, or should have known, that litigation was imminent. *Trask—Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 681 (7th Cir. 2008). The duty to preserve evidence is broad, encompassing any relevant evidence that the non-preserving party knew or reasonably could foresee would be relevant to the action. *Danis v. USN Communications, Inc.*, 2000 WL 1694325, *32 (N.D. Ill. Oct. 20, 2000); *Larson v. Bank One Corp.*, 2005 WL 4652509, *10—11 (N.D. Ill. August 18, 2005); *In re Kmart*, 371 B.R. 823, 842 (N.D. Ill. 2007). At the latest, this duty attaches when the plaintiff informs the defendant of his potential claim. *Trask—Morton*, 534

F.3d at 681 (explaining that Motel 6 was on notice of the claim when it received the plaintiff's demand letter); *Northington v. H & M International*, 2011 WL 663055, *6 (N.D. Ill. Jan. 12, 2011) (*citing* *Jones v. Bremen High School Dist.* **228**, 2010 WL 2106640, *6 (N.D. Ill. May 25, 2010) (employer's duty to preserve relevant documents arose at the time it learned employee had filed EEOC charges); *Wells v. Berger, Newmark & Fenchel, P.C.*, 2008 WL 4365972, *7 (N.D. Ill. Mar. 18, 2008) (employer's duty to preserve sexually explicit emails began when employer received notice of sexual harassment charge filed by employee with state department of human rights)). Once a party has notice of the threat of litigation, and therefore the duty to preserve evidence that may be sought during discovery, the party should implement a plan to find and preserve relevant evidence. *Danis*, 2000 WL 1694325 at *32; *Kmart*, 371 B.R. at 846 ("[T]he 'duty to preserve documents in the face of pending litigation is not a passive obligation,' but must be 'discharged actively.'"). In fact, a large corporation only can discharge its duty by: "1) creating a 'comprehensive' document retention policy that will ensure that relevant documents are retained, . . . and 2) disseminating that policy to its employees." *Larson*, 2005 WL 4652509 at *11. Failure to abide by this duty may result in sanctions when it was done willfully, in bad faith, or when the non-compliant party was at

fault. *National Hockey League v. Metropolitan Hockey Club, Inc.*,
427 U.S. 639, 640, 96 S.Ct. 2778, 2779, 49 L.Ed.2d 747 (1976);
*Trask-Morton,* 534 F.3d at 681; *Danis*, 2011 WL 2039588 at *33—34.

The court has broad discretion when determining whether to
order a party to preserve evidence. *In re African—American Slave
Descendants' Litigation*, 2003 WL 24085346, *2 (N.D. Ill. July 15,
2003). "A motion to preserve evidence is an injunctive remedy and
should [be] issue[d] only upon an adequate showing that equitable
relief is warranted." *Slave Descendants' Litigation*, 2003 WL
24085346 at *2. In making this determination, the court consid-
ers: "1) whether Plaintiffs can demonstrate that Defendants will
destroy necessary documentation without a preservation order; 2)
whether Plaintiffs will suffer irreparable harm if a preservation
order is not entered; and 3) the burden imposed upon the parties
by granting a preservation order." *Slave Descendants' Litigation*,
2003 WL 24085346 at *2.

Chandler has not demonstrated that the injunctive relief he
seeks is warranted.  Specifically, he has not made any attempt to
show that the defendants will destroy the surveillance tapes,
digital recordings, documents, and other evidence without a
preservation order.  Chandler's motion focuses on the prejudice
he may suffer if the evidence is destroyed, but the possibility
of prejudice alone is insufficient to warrant the granting of

injunctive relief without some indication that the defendants would otherwise destroy the evidence.  The defendants acknowledge their duty to preserve the evidence related to Chandler's claim, and there is no reason for the court to doubt the defendants will fulfill their duty.

_____

Based on the foregoing, the Verified Petition for Preservation of Evidence, Protective Order and Other Injunctive Relief [DE 9] filed by the plaintiff, Brian Chandler, on July 23, 2012, is **DENIED.**

ENTERED this 24th day of September, 2012

s/ ANDREW P. RODOVICH
United States Magistrate Judge

5